FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JO M.,[1] <br><br>             Plaintiff, <br><br>    vs. <br><br> ANDREW M. SAUL, <br> COMMISSIONER OF SOCIAL <br> SECURITY, <br>            Defendant. | No. 1:20-cv-03036-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 26, 27 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 26, 27. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 26, and denies Defendant's motion, ECF No. 27.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

4  ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

5  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

7  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

8  *Sanders*, 556 U.S. 396, 409-10 (2009).

9                          **FIVE-STEP EVALUATION PROCESS**

10        A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act. First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

1  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

2  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

3  Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

4  404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

5  work, analysis concludes with a finding that the claimant is disabled and is

6  therefore entitled to benefits.  *Id.*

7      The claimant bears the burden of proof at steps one through four above.

8  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

9  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

10  capable of performing other work; and 2) such work "exists in significant numbers

11  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

12  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

13                              **ALJ'S FINDINGS**

14      On September 9, 2016, Plaintiff applied for Title XVI supplemental security

15  income benefits.  Tr. 23, 68, 195-200.  On October 25, 2016, Plaintiff applied for

16  Title II disability insurance benefits.  Tr. 23, 67, 188-94.  Plaintiff alleged a

17  disability onset date of September 5, 2016 in both applications.  Tr. 23, 67-68, 188-

18  200.  The applications were denied initially and on reconsideration.  Tr. 115-23,

19  126-31.  Plaintiff appeared before an administrative law judge (ALJ) on October

20

ORDER - 6

17, 2018.  Tr. 43-66.  On January 24, 2019, the ALJ denied Plaintiff's claim.  Tr. 20-34.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2021, has not engaged in substantial gainful activity since September 5, 2016.  Tr. 25.  At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar impairment, hyperlipidemia, thyroid problems, and obesity.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 26.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can do occasional climbing of ramps and stairs; no climbing of ladders, ropes and scaffolds; and occasional kneeling, crouching, and crawling.  She should avoid exposure to vibrations and hazards. She can perform jobs with SVP no higher than 3.  She can have incidental contact with the public and occasional interaction with co-workers.

*Id.*

At step four, the ALJ found Plaintiff is capable of performing her past relevant work as a housekeeper/maid.  Tr. 29.  The ALJ did not make alternative step five findings.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 5, 2016 through the date of the decision.  Tr. 30.

ORDER - 7

On January 27, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence

2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

3. Whether the ALJ conducted a proper step-two analysis; and

4. Whether the Appeals Council properly declined to consider new evidence.

ECF No. 26 at 2.

## DISCUSSION

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his analysis of the opinions of Caryn Jackson, M.D.; Myrna Palasi, M.D.; Alnoor Virji, M.D.; and James Irwin, M.D. ECF No. 26 at 12-19.

ORDER - 8

1    There are three types of physicians: "(1) those who treat the claimant

2    (treating physicians); (2) those who examine but do not treat the claimant

3    (examining physicians); and (3) those who neither examine nor treat the claimant

4    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

5    *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

6    Generally, a treating physician's opinion carries more weight than an examining

7    physician's, and an examining physician's opinion carries more weight than a

8    reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight

9    to opinions that are explained than to those that are not, and to the opinions of

10   specialists concerning matters relating to their specialty over that of

11   nonspecialists." *Id.* (citations omitted).

12   If a treating or examining physician's opinion is uncontradicted, the ALJ

13   may reject it only by offering "clear and convincing reasons that are supported by

14   substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

15   "However, the ALJ need not accept the opinion of any physician, including a

16   treating physician, if that opinion is brief, conclusory and inadequately supported

17   by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

18   (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

19   examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

20   may only reject it by providing specific and legitimate reasons that are supported

ORDER - 9

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Dr. Jackson

Dr. Jackson, a treating physician, rendered two opinions on Plaintiff's functioning.  Tr. 677-78, 800-02.  On March 24, 2017, Dr. Jackson diagnosed Plaintiff with lumbar radiculopathy, hypothyroidism, gastroesophageal reflux disease, tobacco dependence, and obesity.  Tr. 677-78.  She opined Plaintiff has a significant disability that would make a normal 40-hour workweek unmanageable, and she would be unable to work for at least 12 months while pursuing treatment.  Tr. 678.  On October 10, 2018, Dr. Jackson diagnosed Plaintiff with lumbar radiculopathy, hypothyroidism, alcoholic hepatitis, chronic hepatitis C, and alcoholism.  Tr. 801.  She opined Plaintiff is severely limited in her ability to perform work activities, meaning Plaintiff is unable to meet the demands of even sedentary work, and she opined Plaintiff's limitations would persist for 12 months with treatment.  Tr. 802.  Dr. Jackson opined Plaintiff's impairments are not primarily the result of alcohol use, and noted Plaintiff's back pain would persist with 60 days of sobriety, though a lot of Plaintiff's hepatitis C symptoms would resolve with sobriety.  *Id.*  The ALJ gave Dr. Jackson's opinions little weight.  Tr.

28.  As Dr. Jackson's opinions are contradicted by the opinion of Dr. Virji, Tr. 87-89, the ALJ was required to give specific and legitimate reasons, supported by substantial evidence, to reject the opinion.  *See Bayliss*, 427 F.3d at 1216.

Defendant presents no argument in opposition to Plaintiff's contention the ALJ improperly weighed Dr. Jackson's 2017 opinion.  *See* EFC No. 27 at 7-8.  It is unclear whether this is an admission by Defendant that the ALJ erred or whether it was an oversight.  As it is not this Court's role to distill potential arguments that could be made based on the record, for this reason, if no other, the Court would be justified to find that the ALJ erred in evaluating this opinion and Defendant has waived the harmless error argument.  *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (issue not raised in opening appellate brief deemed waived); *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1998) ("[a]rguments not addressed in a brief are deemed abandoned"); *see also Justice v. Rockwell Collins. Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 F. App'x 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes ... the court may treat that argument as conceded") (citation and internal quotations and brackets omitted); *Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."); *Tatum v. Schwartz*, No. Civ. S-06-01440 DFL EFB, 2007 WL 419463, *3 (E.D. Cal. Feb. 5, 2007)

ORDER - 11

1  (explaining that a party "tacitly concede[d][a] claim by failing to address

2  defendants' argument in her opposition."); *Kinley v. Astrue*, No. 1:12-cv-740-JMS-

3  DKL, 2013 WL 494122, *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not

4  respond to this [aspect of claimant's] argument, and it is unclear whether this is a

5  tacit admission by the Commissioner that the ALJ erred or whether it was an

6  oversight. Either way, the Commissioner has waived any response.").  However, a

7  court generally has discretion to consider even a waived argument.  *See In re*

8  *Hanford Nuclear Res. Lit.*, 534 F.3d 986, 1007 (9th Cir. 2008) (exercising

9  discretion to review waived claim); *Brass v. Cnty. of Los Angeles*, 328 F.3d 1192,

10  1197 (9th Cir. 2003) (explaining that the decision whether to review waived issues

11  "lies within the discretion of the district court").  The Court has considered

12  Plaintiff's argument and finds the ALJ erred in his consideration of Dr. Jackson's

13  opinions.

14       First, the ALJ found Dr. Jackson's opinions were temporary in nature, and

15  the 2018 opinion was based in part on a condition that did not meet the duration

16  requirement.  Tr. 28.  Temporary limitations are not enough to meet the durational

17  requirement for a finding of disability.  20 C.F.R. §§ 404.1505(a), 416.905(a)

18  (requiring a claimant's impairment to be expected to last for a continuous period of

19  not less than twelve months); 42 U.S.C. § 423(d)(1)(A) (same); *Carmickle v.*

20  *Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) (affirming the

ORDER - 12

ALJ's finding that treating physicians' short-term excuse from work was not indicative of "claimant's long-term functioning").

Dr. Jackson opined in 2017 that Plaintiff's limitations would last at least 12 months, which meets the duration requirement. Tr. 678. Dr. Jackson opined in 2018 that Plaintiff's limitations would last 12 months, which again meets the duration requirement. Tr. 802. The ALJ noted the 2018 opinion was based in part on Plaintiff's recent hepatitis C diagnosis, which did not meet the duration requirement. Tr. 28. However, Dr. Jackson acknowledged that a lot of Plaintiff's hepatitis C symptoms would resolve within 60 days of sobriety and treatment, yet still opined Plaintiff would be unable to perform even sedentary work for 12 months. Tr. 802. As such, Dr. Jackson's opinion indicates that Plaintiff's inability to work for 12 months was not dependent on her hepatitis C diagnosis. The ALJ erred in rejecting Dr. Jackson's opinions as temporary limitations.

Second, the ALJ found Dr. Jackson's opinions were inconsistent with her recommendation that Plaintiff increase her activity level. Tr. 28. A medical opinion may be rejected if it is unsupported by medical findings. *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Furthermore, a physician's opinion may be rejected if it is unsupported by

1  the physician's treatment notes.  *Connett v. Barnhart*, 340 F.3d 871, 875 (9th Cir.

2  2003).  In March 2017, Dr. Jackson recommended Plaintiff increase her activity

3  level to five to seven days per week of walking.  Tr. 28 (citing Tr. 694, 771).

4  However, Dr. Jackson recommended Plaintiff "start slow and increase as tolerated

5  until you are walking for 45 [minutes] to one hour."  Tr. 694, 771.  Encouragement

6  to start slowly and increase walking to a total of 45 minutes per day is not

7  inconsistent with an inability to sustain full-time work.  Further, the ALJ does not

8  point to any evidence that Plaintiff was able to reach the goal of walking even 45

9  minutes in a day, nor evidence that demonstrates Plaintiff could stand and walk up

10  to six hours per day as required by light work.  Defendant argues the objective

11  evidence in Dr. Jackson's medical records are inconsistent with Dr. Jackson's 2018

12  opinion.  ECF No. 27 at 7-8.  However, the ALJ does not offer any analysis of the

13  evidence that is inconsistent with Dr. Jackson's opinions other than finding the

14  opinion is inconsistent with the recommendation to increase walking.  Tr. 28.  As

15  such, the Court will not consider this post hoc rational.  *See Orn v. Astrue*, 495

16  F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided

17  by the ALJ in the disability determination and may not affirm the ALJ on a ground

18  upon which he did not rely.")  The ALJ erred in rejecting Dr. Jackson's opinions as

19  inconsistent with the recommendation that Plaintiff increase her walking to 45 to

20  60 minutes per day.

ORDER - 14

Third, the ALJ found Dr. Jackson's 2017 opinion did not consider Plaintiff's alcohol use.  Tr. 28.  An ALJ may discount a medical opinion that does not consider a claimant's ongoing substance abuse.  *Cothrell v. Berryhill*, 742 Fed. App'x 232, 236 (9th Cir. July 18, 2018) (unpublished opinion); *Chavez v. Colvin*, No. 3:14-cv-01178-JE, 2016 WL 8731796, at *8 (D. Or. July 25, 2016) (unpublished opinion).  At the time of the opinion, Plaintiff had been sober for over 15 years, and she did not relapse until 2018.  Tr. 48, 733, 755.  The ALJ acknowledged Plaintiff's alcohol use was in remission until August 2018, and found Plaintiff's alcohol use was not a severe impairment.  Tr. 26.  The ALJ erred in rejecting Dr. Jackson's 2017 opinion due Dr. Jackson not addressing Plaintiff's alcohol use.

On remand, the ALJ is instructed to reconsider both of Dr. Jackson's opinions and incorporate the limitations into the RFC or give specific and legitimate reasons, supported by substantial evidence, to reject the opinions. Plaintiff also challenges the ALJ's consideration of the opinions of Dr. Palasi, Dr. Virji, and Dr. Irwin.  ECF No. 26 at 15- 19.  As the case is being remanded to reconsider Dr. Jackson's opinions, the ALJ is also instructed to reconsider the opinions of Dr. Palasi, Dr. Virji, and Dr. Irwin.  For the purposes of the remand, the Court notes that Dr. Irwin opined there was insufficient evidence to assess Plaintiff's RFC, and Plaintiff was found not to be disabled because of her failure to

supply needed medical evidence. Tr. 109, 111; 20 C.F.R. §§ 404.1516, 416.916.

Plaintiff did not respond to calls and letters, and as such a needed consultative

examination could not be completed, and Plaintiff did not return the activities of

daily living form. Tr. 108. While the ALJ summarized Dr. Irwin's opinion as not

imposing any limitation on Plaintiff's functioning, Dr. Irwin did not indicate that

Plaintiff has no limitations, but rather that there was insufficient evidence to

determine her limitations. Given this period of time during which a State agency

medical consultant found there was insufficient evidence to determine Plaintiff's

RFC, the ALJ is also instructed on remand to call a medical expert at the hearing to

help determine Plaintiff's medically determinable impairments, whether she meets

or equals a Listing, her RFC, and to provide an opinion on the onset of disability

should the expert give a disabling opinion.

**B. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims. ECF No. 26 at 4-9. An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

ORDER - 16

"The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester*, 81 F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his/her

symptoms were not entirely consistent with the evidence.  Tr. 27.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting

limitations relies largely on the ALJ's assessment of the medical evidence.  Having

determined a remand is necessary to readdress the medical source opinions, any

reevaluation must necessarily entail a reassessment of Plaintiff's subjective

symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ

must also carefully reevaluate Plaintiff's symptom claims in the context of the

entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because

ORDER - 18

we remand the case to the ALJ for the reasons stated, we decline to reach

[plaintiff's] alternative ground for remand.").

**C. Step Two**

Plaintiff contends the ALJ erred at step two by failing to identify Plaintiff's

depression and hepatitis C as severe impairments.  ECF No. 26 at 10-12.  At step

two of the sequential process, the ALJ must determine whether claimant suffers

from a "severe" impairment, i.e., one that significantly limits her physical or

mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).

To establish a severe impairment, the claimant must first demonstrate that

the impairment results from anatomical, physiological, or psychological

abnormalities that can be shown by medically acceptable clinical or laboratory

diagnostic techniques.  20 C.F.R. §§ 404.1521, 416.921.  In other words, the

claimant must establish the existence of the physical or mental impairment through

objective medical evidence (*i.e.*, signs, laboratory findings, or both) from an

acceptable medical source; the medical impairment cannot be established by the

claimant's statement of symptoms, a diagnosis, or a medical opinion.  *Id.*

An impairment may be found to be not severe when "medical evidence

establishes only a slight abnormality or a combination of slight abnormalities

which would have no more than a minimal effect on an individual's ability to

work…."  Social Security Ruling (SSR) 85-28 at *3.  Similarly, an impairment is

ORDER - 19

1  not severe if it does not significantly limit a claimant's physical or mental ability to

2  do basic work activities; which include walking, standing, sitting, lifting, pushing,

3  pulling, reaching, carrying, or handling; seeing, hearing, and speaking;

4  understanding, carrying out and remembering simple instructions; use of judgment,

5  responding appropriately to supervision, coworkers and usual work situations; and

6  dealing with changes in a routine work setting.  20 C.F.R. § 416.922(a); SSR 85-

7  28.[2]

8       Step two is "a de minimus screening device [used] to dispose of groundless

9  claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying

10  our normal standard of review to the requirements of step two, [the Court] must

11  determine whether the ALJ had substantial evidence to find that the medical

12  evidence clearly established that [Plaintiff] did not have a medically severe

13  impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687

14  (9th Cir. 2005).

15       The ALJ explicitly found Plaintiff's hepatitis C was not a severe impairment

16  because it did not meet the 12-month durational requirement, Tr. 26, and the ALJ

17

18  _____

19  [2] The Supreme Court upheld the validity of the Commissioner's severity

20  regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54

   (1987).

ORDER - 20

1  did not list Plaintiff's depression as a severe impairment nor did the ALJ address

2  depression in the decision, thereby finding depression was not a severe impairment

3  without any explanation.

4        First, Plaintiff argues the ALJ harmfully erred in failing to consider her

5  depression as a severe impairment, because the RFC did not consider Plaintiff's

6  depression symptoms, including isolation, hopelessness, and suicidal ideation.

7  ECF No. 26 at 10-11.  Defendant argues the ALJ considered Plaintiff's depression

8  as he assessed Plaintiff's mental limitations at step three and included limitations

9  in the RFC to account for even mild symptoms. ECF No. 27 at 10-12.  However,

10  the ALJ assessed Plaintiff's mental limitations due to her alcohol use, not

11  depression.  Tr. 26.  Plaintiff does not cite to any opinion evidence to support her

12  argument that depression causes additional limitations not considered by the ALJ.

13  Thus, Plaintiff has not demonstrated the ALJ erred in finding her depression was

14  not a severe impairment.

15        Next, Plaintiff argues her hepatitis C was a severe impairment because it

16  meets the duration requirement, as it was expected to last at least 12 months.  ECF

17  No. 26 at 11-12.  However, Plaintiff does not point to evidence in the medical

18  records of her hepatitis C limiting her besides Dr. Jackson's opinion, *id.*, and Dr.

19  Jackson opined that a lot of Plaintiff's hepatitis C symptoms would resolve

20

following 60 days of sobriety and treatment, Tr. 802.  As such, Plaintiff has not

demonstrated the ALJ harmfully erred at step two.

However, as the case is being remanded to reconsider the medical opinion

evidence, the ALJ is also instructed to perform the five-step analysis anew,

including considering whether Plaintiff's hepatitis C and depression are now

severe medically determinable impairments and to assess any additional limitations

caused by the impairments.

**D. Appeals Council**

Plaintiff contends the Appeals Council erred in failing to properly consider

new evidence submitted at the Appeals Council level.  ECF No. 26 at 19-21.  The

Appeals Council will review a case if it receives additional evidence that is new

and material and that relates to the period on or before the date of the ALJ

decision, and it finds there is a reasonable probability that the additional evidence

would change the outcome of the case.  20 C.F.R. §§ 404.970(a)(5),

416.1470(a)(5).  However, the Appeals Council will only consider additional

evidence when deciding whether to review a case if the claimant shows good cause

for not meeting the five-day rule because of one of the reasons listed in 20 C.F.R.

§§ 404.935(b), 416.1435(b).  If the claimant submits new evidence and the

Appeals Council does not find that the claimant had good cause for the untimely

submission of the evidence, the Appeals Council will send the claimant a notice

ORDER - 22

that explains why it did not accept the additional evidence.  20 C.F.R. §§

404.970(c), 416.1470(c).  When the Appeals Council considers new evidence in

declining review, that evidence becomes part of the administrative record, which

this court must consider in determining whether the ALJ's decision is supported by

substantial evidence.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-

60 (9th Cir. 2012).  As the case is being remanded to reconsider Dr. Jackson's

opinions, the ALJ is also instructed to consider the evidence submitted to the

Appeals Council.

**E. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits.

ECF No. 26 at 21.

"The decision whether to remand a case for additional evidence, or simply to

award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

When the Court reverses an ALJ's decision for error, the Court "ordinarily must

remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

ORDER - 23

1   cases, the Ninth Circuit has "stated or implied that it would be an abuse of

2   discretion for a district court not to remand for an award of benefits" when three

3   conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

4   credit-as-true rule, where (1) the record has been fully developed and further

5   administrative proceedings would serve no useful purpose; (2) the ALJ has failed

6   to provide legally sufficient reasons for rejecting evidence, whether claimant

7   testimony or medical opinion; and (3) if the improperly discredited evidence were

8   credited as true, the ALJ would be required to find the claimant disabled on

9   remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874

10  F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

11  the Court will not remand for immediate payment of benefits if "the record as a

12  whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759

13  F.3d at 1021.

14      The Court finds remand for additional proceedings is necessary as conflicts

15  remain in the evidence, including conflicts between medical opinions that require

16  resolution.  The imaging submitted at the Appeals Council level also does not

17  provide a basis to remand for immediate benefits.  While Plaintiff also urges

18  remand for benefits based on the ALJ's rejection of her symptom claims, the Court

19  did not reach this argument, and notes there are conflicts in the record that need

20

resolution.  As such, the case is remanded for additional proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 26**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 27**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 30, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25